IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Regina M. Rodriguez

Civil Action No. 1:25-cv-04164-RMR

ALDEGUNDO RODRIGUEZ HERNANDEZ,

    Petitioner,

v.

KRISTI NOEM, United States Secretary, Department of Homeland Security,
TODD LYONS, Acting Director, U.S. Immigration and Customs Enforcement (ICE),
MARCOS CHARLES, Executive Associate Director, ICE Enforcement and Removal Operations,
KELEI WALKER, ICE Denver Field Office Director,
JUAN BALTASAR, Warden, GEO-ICE Immigration Detention Facility in Aurora, CO, and
PAMELA BONDI, United States Attorney General.
,

    Respondents.

## ORDER

Pending before the Court is Petitioner Aldegundo Rodriguez Hernandez's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 ("Petition"), ECF No. 1. Respondents filed a Response to the Petition, ECF No. 7, and Petitioner filed a Reply to the Response, ECF No. 8. The Court has reviewed the Petition, the related briefing, and the applicable case law. For the reasons stated below, the Petition, ECF No. 1, is GRANTED.

## I.  BACKGROUND

Petitioner is a citizen of Mexico. ECF No. 1 ¶ 1. He was previously granted withholding of removal by an Immigration Judge in Denver on April 17, 2019. *Id.* ¶ 12. Counsel for the Department of Homeland Security waived appeal. *Id.* Petitioner checked in with ICE on a scheduled meeting on November 30, 2025. *Id.* ¶ 13. He was instructed by ICE to return for another check-in on June 30, 2026. *Id.* On December 19, 2025, Petitioner was apprehended by federal agents at the Denver International Airport. *Id.* ¶ 14. ICE officers arrested him to enforce his final order of removal and detained him because he posed a significant risk of flight given his final order. ECF No. 7 at 3. Petitioner has no criminal convictions in the United States or anywhere else. ECF No. 1 ¶ 15. He is currently detained under 8 U.S.C. § 1231 at ICE's Denver Contract Detention Facility. ECF No. 7 at 3.

## II.  LEGAL STANDARD

### A.  Habeas Corpus Relief

Section 2241 of Title 28 authorizes a court to issue a writ of habeas corpus when a person is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Habeas corpus proceedings under 28 U.S.C. § 2241 "remain available as a forum for statutory and constitutional challenges to post-removal-period detention." *Singh v. Choate*, No. 23-cv-02069-CNS, 2024 WL 309747, at *1 (D. Colo. Jan. 26, 2024) (quoting *Zadvydas v. Davis*, 533 U.S. 678, 688 (2001)); *see also Hernandez-Ceren v. Wolf*, No. 20-cv-01628-RM, 2020 WL 3036074, at *1 (D. Colo. June 6, 2020) ("[A] person subject to removal is in custody for habeas purposes.").

The writ of habeas corpus is designed to challenge "the fact or duration" of a person's confinement. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). "In other words, habeas corpus, and thus § 2241, offers detainees release from custody when the very fact that they are detained, or detained for a certain length of time, is unlawful." *Codner v. Choate*, No. 20-cv-01050-PAB, 2020 WL 2769938, at *4 (D. Colo. May 27, 2020).

B.   **Post-Removal Detention Under § 1231**

Two sections of the Immigration and Nationalization Act ("INA") authorize detention—8 U.S.C. § 1226, which concerns noncitizens who are not yet subject to a removal order, and 8 U.S.C. § 1231, which operates in the post-removal context. Petitioner is detained pursuant to § 1231. Under § 1231, "when a [noncitizen] is ordered removed, the Attorney General shall remove the [noncitizen] from the United States within a period of 90 days." § 1231(a)(1). The noncitizen must be detained during this initial 90-day timeframe, *see* § 1231(a)(2), which is "referred to as the 'removal period,' " § 1231(a)(1)(A). If the noncitizen "does not leave or is not removed within the removal period," then he or she is normally subject to supervised release. § 1231(a)(3). However, certain categories of noncitizens who have been ordered removed—including inadmissible or criminal noncitizens, or noncitizens whom the Attorney General has determined are a risk to the community or are unlikely to comply with the removal order— "may be detained beyond the removal period." § 1231(a)(6). The text of the INA does not contain an express limit on the duration a noncitizen may be detained under its authority.

3

### III.  ANALYSIS

Petitioner makes several arguments, including (1) that Respondents' actions in their detention and attempt to remove him from the United States are *ultra vires* and arbitrary and capricious, ECF No. 1 at 4-5; (2) Respondents violated Petitioner's due process rights when they failed to provide notice or opportunity to be heard regarding their attempt to rescind his grant of withholding of removal, *id.* at 5-6; (3) Petitioner is suffering irreparable harm, *id.* at 7; and (4) the Administrative Procedures Act prohibits Respondents' actions, *id.* at 7-9. Respondents contend that Petitioner's detention is authorized under 8 U.S.C. § 1231. ECF No. 7 at 5-8. Additionally, Respondents assert Petitioner has not shown his detention violates due process under *Zadvydas*. *Id.* at 9-13.

In *Zadvydas*, the Supreme Court held that § 1231(a)(6) "does not permit indefinite detention," although the statute does not specify a time limit on how long the DHS may detain a noncitizen in the post-removal period. *Zadvydas v. Davis*, 533 U.S. 678, 689 (2001). Rather, "in light of the Constitution's demands," a noncitizen may be detained only for "a period reasonably necessary to bring about that [noncitizen's] removal from the United States." *Id.*; *accord Johnson v. Arteaga-Martinez*, 596 U.S. 573, 579 (2022). The Supreme Court reasoned that "Congress previously doubted the constitutionality of detention for more than six months" and recognized six months as presumptively reasonable. *Zadvydas*, 533 U.S. at 701. "After this 6-month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence to rebut that showing." *Id.* "[A]n alien may be held in confinement until it has been determined that

4

there is no significant likelihood of removal in the reasonably foreseeable future." *Id.* Here, Petitioner has been detained since December 19, 2025. Respondents do not dispute Petitioner may not be removed to Mexico due to his withholding of removal under Article III of the Convention Against Torture. However, Respondents contend ICE is pursuing Petitioner's removal to a third country but have yet to identify a third country. While Petitioner has not been detained for six months, the Court notes Respondents lack of clarity regarding third country for removal. Respondents seem to suggest that, because "ICE has successfully executed removals to third countries and continues to do so," ECF No. 7 at 3-4, this is sufficient to establish that removal is likely in the "reasonably foreseeable future." The Court disagrees with this proposition.

Petitioner also argues that "DHS must provide Rodriguez Hernandez with notice of intent to terminate his withholding of removal grant, in conjunction with reopened removal proceedings." ECF No. 1 ¶ 33. Pursuant to 8 C.F.R. § 1208.24(f), "[a]n immigration judge or the Board of Immigration Appeals may reopen a case pursuant to § 3.2 or § 3.23 of this chapter for the purpose of terminating a grant of asylum, or a withholding of deportation or removal." Additionally, 8 C.F.R. § 1208.24(c) provides that "[p]rior to the termination of a grant of asylum or withholding of deportation or removal, the alien shall be given notice of intent to terminate, with the reasons therefor, at least 30 days prior to the interview specified in paragraph (a) of this section before an asylum officer." Here, there is no indication that Petitioner was given any notice of the termination of his withholding of removal, much less an interview with an asylum officer. However, because Respondents subtly indicate that they are pursuing Petitioner's removal to a third

5

country, not Mexico, the Court assumes they were not terminating Petitioner's withholding of removal to Mexico.

Finally, Petitioner argues that Respondents must provide him "with due process of law if they are attempting to deport him to a third country, including providing him with an opportunity to identify and defend against removal to countries where his life would be in danger based on the protected grounds identified in the CAT standard." ECF No. 1 ¶ 36. Respondents state "ICE is currently pursuing Petitioner's removal to a third country pursuant to 8 U.S.C. § 1231 and is working in coordination with the U.S. Department of State to evaluate and select a third country for removal." ECF No. 7 at 3-4. "The Court is aware that many district courts have found that a recent ICE policy of deporting individuals to third countries without providing an opportunity to be heard and present fear-based claims is unlawful." *Koca v. Noem*, No. 26-CV-00443-NYW, 2026 WL 575661, at *3 (D. Colo. Mar. 2, 2026) (collecting cases). "Where the Government cannot remove a noncitizen to the country specified in their removal order, it may attempt to remove that person to a third country, but in doing so, it must comply both with the INA, 8 U.S.C. § 1231(b), and the Due Process Clause." *Emara v. Bondi*, No. C26-0116-KKE, 2026 WL 266067, at *5 (W.D. Wash. Feb. 2, 2026) (citations omitted). "[I]f a noncitizen claims fear of removal to a designated third country, the Government must allow them to pursue withholding of removal through reopened removal proceedings before an immigration judge." *Id.* Here, Respondents have detained Petitioner but have not identified a third country that will accept his removal. As explained above, Petitioner may not be held in detention indefinitely as Respondents attempt to coordinate third country removal. In this

6

case, Petitioner's ninety day "removal period" under 8 U.S.C. § 1231(a) began on December 19, 2025 and ends on March 19, 2026. In order to provide Petitioner his full due process rights, Respondents must first identify and coordinate with a third country to accept Petitioner's removal. Then, Respondents must provide Petitioner an opportunity to be heard and present his fear-based claims. Given Petitioner's removal period is nearly ended and Respondents have not provided evidence that Petitioner's removal is reasonably foreseeable, the Court finds that Petitioner's release is appropriate.

## IV.    CONCLUSION

For the reasons stated above, it is ORDERED that Mr. Rodriguez Hernandez's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241, ECF No. 1, is GRANTED. Respondents are ORDERED to release Petitioner no later than 48 hours after the issuance of this Order. On or before March 19, 2026, the Parties shall file a joint status report informing the Court of the status of Mr. Rodriguez Hernandez's release and whether any additional proceedings in this matter are required.

DATED: March 10, 2026

BY THE COURT:

_____
REGINA M. RODRIGUEZ
United States District Judge